UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BROOKE PESTANO and JENNIFER SIGNORILE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**AVIS RENT A CAR SYSTEM, LLC** and **AVIS BUDGET GROUP, INC.,**<br><br>Defendants. | Case No.<br>2:24-cv-09243-JXN-MAH<br><br>Filed: September 18, 2024 |
| **JASON SHAY**, individually and behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AVIS RENT A CAR SYSTEM, LLC,**<br><br>Defendant. | Case No.<br>2:24-cv-09252-JXN-MAH<br><br>Filed: September 18, 2024 |
| **DOUGLAS LONG**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AVIS RENT A CAR SYSTEM, LLC,**<br><br>Defendant. | Case No.<br>2:24-cv-09328-JXN-MAH<br><br>Filed: September 20, 2024 |

| | |
|---|---|
| JADA RIVERA on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AVIS RENT A CAR SYSTEM, LLC, and AVIS BUDGET GROUP, INC.<br><br>Defendants. | Case No.<br>2:24-cv-09339-JXN-MAH<br><br>Filed: September 20, 2024 |
| BRIAN HARRIS on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AVIS RENT A CAR SYSTEM, LLC, and AVIS BUDGET GROUP, INC.<br><br>Defendants. | Case No.<br>2:24-cv-09364-JXN-MAH<br><br>Filed: September 25, 2024 |
| CHASE SCHACHENMAN and JASON BUNDRICK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>AVIS RENT A CAR SYSTEM, LLC,<br><br>Defendant. | Case No.<br>2:24-cv-09506-JXN-MAH<br><br>Filed: September 27, 2024 |
| DAVID WISE, individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>AVIS RENT A CAR SYSTEM, LLC,<br><br>Defendant. | Case No.<br>2:24-cv-09587-JXN-MAH<br><br>Filed: October 2, 2024 |

| | |
|---|---|
| **BILL D. THOMAS**, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>**AVIS RENT A CAR SYSTEM, LLC,**<br><br>                    Defendant. | Case No.<br>2:24-cv-09604-JXN-MAH<br><br>Filed: October 3, 2024 |
| **TANISORN TATIYARATANA,** individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>**AVIS RENT A CAR SYSTEM, LLC,** and **AVIS BUDGET GROUP, INC.**<br><br>                    Defendants. | Case No.<br>2:24-cv-09647-JXN-MAH<br><br>Filed: October 7, 2024 |
| **MICHAEL BEAUCHANE**, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>**AVIS RENT A CAR SYSTEM, LLC,** and **AVIS BUDGET GROUP, INC.**<br><br>                    Defendants. | Case No.<br>2:24-cv-09683-JXN-MAH<br><br>Filed: October 9, 2024 |

AMENDED

**██████████ ORDER CONSOLIDATING**
**RELATED ACTIONS AND APPOINTING INTERIM CLASS COUNSEL**

The Court has reviewed *Plaintiffs' Amended Motion to Consolidate Related Actions and Appoint Interim Class Counsel* and accompanying *Memorandum in Support* and accompanying exhibits (the "Motion") submitted by Plaintiffs Brooke Pestano, Jennifer Signorile, Jason Shay, Douglas Long, Jada Rivera, Brian Harris, Chase Schachenman, Jason Bundrick, David Wise, Bill

D. Thomas, Tanisorn Tatiyaratana, and Michael Beauchane ("Plaintiffs"), and has determined that *and Defendants having filed a non-opposition to the motion, D.E. 13,*

consolidation and appointment of interim class counsel in this proposed class action will promote

judicial efficiency and orderly case management while avoiding unnecessary cost and delay; *and for good cause shown,*

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1. Pursuant to Fed. R. Civ. P. 42(a), the Court hereby consolidates *Pestano v. Avis Rent A Car System, LLC, and Avis Budget Group, Inc.*, No. 2:24-cv-09243-JXN-MAH (filed September 18, 2024); *Shay v. Avis Rent A Car System, LLC*, No. 2:24-cv-09252-JXN-MAH (filed September 18, 2024); *Long v. Avis Rent A Car System, LLC*, No. 2:24-cv-09328-JXN-MAH (filed September 20, 2024); *Rivera v. Avis Rent A Car System, LLC, and Avis Budget Group, Inc.*, No. 2:24-cv-09339-JXN-MAH (filed September 20, 2024); *Harris v. Avis Rent A Car System, LLC, and Avis Budget Group, Inc.*, No. 2:24-cv-09364-JXN-MAH (filed September 20, 2024); *Schachenman v. Avis Rent A Car System, LLC*, No. 2:24-cv-09506-JXN-MAH (filed September 27, 2024); *Wise v. Avis Rent A Car System, LLC*, No. 2:24-cv-09587-JXN-MAH (filed October 2, 2024); *Thomas v. Avis Rent A Car System, LLC*, No. 2:24-cv-09604-JXN-MAH (filed October 3, 2024); *Tatiyaratana v. Avis Rent A Car System, LLC, and Avis Budget Group, Inc.*, No. 2:24-cv-~~09364~~ 9647-JXN-MAH (filed October 7, 2024), and *Beauchane v. Avis Rent a Car System, LLC and Avis Budget Group, Inc.*, No. 2:24-cv-09683 (filed October 9, 2024) under the new title "*In re Avis Rent A Car System, LLC Security Incident Litigation*" (each a "Related Action" and together the "Consolidated Action").

2. No further filings shall be made in *Shay v. Avis Rent A Car System, LLC*, No. 2:24-cv-09252-JXN-MAH (filed September 18, 2024); *Long v. Avis Rent A Car System, LLC*, No. 2:24-cv-09328-JXN-MAH (filed September 20, 2024); *Rivera v. Avis Rent A Car System, LLC, and Avis Budget Group, Inc.*, No. 2:24-cv-09339-JXN-MAH (filed September 20, 2024); *Harris v. Avis Rent A Car System, LLC, and Avis Budget Group, Inc.*, No. 2:24-cv-09364-JXN-MAH (filed September

20, 2024); *Schachenman v. Avis Rent A Car System, LLC*, No. 2:24-cv-09506-JXN-MAH (filed September 27, 2024); *Wise v. Avis Rent A Car System, LLC*, No. 2:24-cv-09587-JXN-MAH (filed October 2, 2024); *Thomas v. Avis Rent A Car System, LLC*, No. 2:24-cv-09604-JXN-MAH (filed October 3, 2024); *Tatiyaratana v. Avis Rent A Car System, LLC, and Avis Budget Group, Inc.*, No. 2:24-cv-~~09364~~ 9647-JXN-MAH (filed October 7, 2024); and *Beauchane v. Avis Rent a Car System, LLC and Avis Budget Group, Inc.*, No. 2:24-cv-09683 (filed October 9, 2024), which shall be administratively closed. All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint. The Consolidated Complaint shall be filed within the next 45 days, as further set forth below. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

3.      All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4.      Defendants, Avis Rent A Car System, LLC, and Avis Budget Group, Inc., shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days. If the Court determines that the case is related, the clerk shall:

        a.      Place a copy of this Order in the separate docket for such action;

        b.      Serve on plaintiff's counsel in the new case a copy of this Order;

        c.      Direct this Order to be served upon any additional defendant(s) in the new case; and

        d.      Make the appropriate entry on the Master Docket.

5.      The Court shall enter a scheduling order for further pretrial proceedings as soon as is reasonably practicable.

6.      Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within 45 days of the date of this Order. Defendants shall have 45 days from the date on which Plaintiffs file the Consolidated Complaint to file a response thereto. In the event that Defendants' response is a motion to dismiss, Plaintiffs shall have 30 days to file their opposition brief, and Defendants shall have 21 days to file a reply brief.

**IT IS FURTHER ORDERED** that, having given due consideration to the relevant factors set forth in Rule 23(g)(1) and (4), including, without limitation, Rule 23(g)(1)(A)(i)-(iv), and finding that the proposed firms and their counsel meet the adequacy requirements thereunder, the following are appointed and shall serve as overall Plaintiffs' Interim Co-Lead Counsel, in accordance with Federal Rule of Civil Procedure 23(g)(3):

> **Edelson Lechtzin LLP**
> Marc Edelson
> Liberato P. Verderame
>
> **Clayeo C. Arnold, APC**
> Anderson Berry
> Gregory Haroutunian
>
> **Lynch Carpenter LLP**
> Gary Lynch

Plaintiffs' Interim Co-Lead Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Co-Lead Counsel shall have the following responsibilities, duties and sole authority to:

> a.      Draft and file the master consolidated complaint, and have final authority regarding what claims and parties are to be included;

b.    Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

c.    Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Jersey;

d.    Consult with and employ consultants and/or expert witnesses;

e.    Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

f.    Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

g.    Enter into stipulations and agreements with Defendants;

h.    Sign all papers filed on behalf of Plaintiffs and the putative class;

i.    Convene meetings of all Plaintiffs' counsel, as necessary;

j.    Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k.    Conduct settlement negotiations with Defendants;

l.    Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendants' counsel of changes thereto;

m.    Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings correspondence, and other documents from Defendants' counsel or the Court that are not electronically filed;

n.    Appear at Court-noticed status conferences and hearings;

o.    Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

p.    Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q.    Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

r.    Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work Interim Co-Lead Counsel has specifically authorized, and submit at the Court's request, in writing, *ex parte* and *in camera* reports to the Court regarding time billed in the prosecution of this action. At such time as may be appropriate, Co-Lead Counsel will also recommend appointment and allocation of fees and expenses subject to court approval;

s.    Fund the necessary and appropriate costs of discovery and other common benefit efforts;

and

t.    Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these cases in the Consolidated Action, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Co-Lead Counsel.

**IT IS FURTHER ORDERED** that the following is hereby appointed as Liaison Counsel for Plaintiffs:

**Siri & Glimstad LLP**
David DiSabato

Liaison Counsel's responsibilities include, but are not limited to, the following:

a.    Act as the primary contact between the Court and Plaintiffs' counsel;

b.    Participate in common benefit work to advance the litigation, assigned and performed under the direction of Co-Lead Interim Class Counsel;

c.    Meet and confer with Co-Lead Interim Class Counsel as needed to consult on any matter germane to this litigation;

d.    Maintain an up-to-date comprehensive service list of Plaintiffs and promptly advise the Court and Defendant's counsel of any changes to Plaintiffs' service list;

8

e.   Receive and distribute to Plaintiffs' counsel, as appropriate, Orders, notices, and correspondence from the Court to the extent such documents are not electronically filed;

f.   Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from opposing counsel that are not electronically filed;

g.   Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party;

h.   Assist Interim Co-Lead Counsel in resolving scheduling conflicts among the parties and coordinating activities, discovery, meetings, and hearings;

i.   Maintain a file-endorsed copy of this Order, and serve the same on the parties and/or their attorneys in actions later instituted in, removed to, or transferred to these proceedings; and

j.   Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

**IT IS FURTHER ORDERED** that all other Plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Counsel, except for an application to modify or be relieved from this Order.

**IT IS FURTHER ORDERED** that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

**IT IS FURTHER ORDERED** that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the District of New Jersey.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

SO ORDERED.

Dated: 11/5/24

SO ORDERED

*s/Michael A. Hammer*

Michael A. Hammer, U.S.M.J.

Date: 11/5/24

10